THE BROOKLYN OIL REFINERY, Appellant, *v.* DANIEL BROWN et al., Respondents.

(Argued September 16, 1874; decided January term, 1875.)

THIS was an action to recover damages for an alleged breach of a contract between plaintiff's assignor, the Sterling Oil Works, and defendants, for the sale and delivery by the latter of a quantity of crude petroleum.

The contract was evidenced by a memorandum, made by a broker on behalf of defendants, in these words:

"NEW YORK, *March* 31, 1868.

"Sold to Sterling Oil Works, for account of Mr. D. Brown & Sons, one hundred and sixty thousand (160,000) gallons crude petroleum, gravity forty to forty-seven, at eleven and three-quarters (11¾) cents per gallon, to be delivered to bulk lighter, at yard, free of expense, tank measurement, quality and quantity to be accepted at the time of delivery at yard, seller's option, during the month of May next, at the rate of forty thousand gallons per week through the month."

Across the face thereof was written an acceptance, signed by defendant's firm, "D. Brown & Sons."

Plaintiff claimed that the true construction of the contract was, that the petroleum was to be delivered in the

month of May in parcels of 40,000 gallons in each week, the "seller's option" being simply as to the days for the delivery and as to the quantity of each delivery; and that, therefore, the initiative of action was on the defendants, and until the declaration of their option the plaintiff was under no obligation to make demand, tender performance, or to be ready to perform. The trial court substantially so construed it, and, upon proof of the contract, directed a verdict for plaintiff for the damages proved. *Held* (LOTT, Ch. C., and REYNOLDS, C., dissenting), error; that the true construction of the contract is, that the seller had the whole month of May in which to make delivery, with an option either to deliver the whole quantity together before the end of the month or to make weekly deliveries, commencing with the first week; that, having failed to make weekly deliveries, the conclusive presumption was that they elected to make one delivery at the close of the month; and that, therefore, it was incumbent on the part of plaintiff to prove a demand and a readiness on its part to perform, upon which question there was sufficient conflicting evidence to require the submission thereof to a jury.

*Roger A. Pryor* for the appellant.

*Samuel Hand* for the respondents.

DWIGHT, C., reads for affirmance; EARL and GRAY, CC., concur.

LOTT, Ch. C., reads for reversal; REYNOLDS, C., concurs.

Order of General Term affirmed and judgment absolute ordered against plaintiff.